DAVID A. SHANEYFELT, State Bar No. 240777
dshaneyfelt@alvarezfirm.com
EMILY A. KEARNEY, State Bar No. 287652
ekearney@alvarezfirm.com
THE ALVAREZ FIRM, A Law Corporation
24005 Ventura Boulevard
Calabasas, California 91302
TEL: (818) 224-7077   FAX: (818) 224-1380

Attorneys for Plaintiff Dedicato Treatment Center, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEDICATO TREATMENT CENTER, INC, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE SERVICES, INC., a Minnesota Corporation,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT FOR**<br><br>**1. Breach of Contract**<br>**2. Breach of Implied Contract**<br>**3. Breach of the Covenant of Good Faith and Fair Dealing**<br>**4. Promissory Estoppel**<br>**5. Quantum Meruit**<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

## PRELIMINARY STATEMENT

This is a case for services rendered and unpaid. Plaintiff Dedicato Treatment Center, Inc. is a substance abuse treatment center that provided substance abuse treatment services to a patient enrolled in a health insurance plan sold by Defendant United Healthcare Services, Inc., which refuses to pay for them.

For patient confidentiality reasons under state and Federal law, the patient is not specifically identified herein and is only referred to as the "Patient." Defendant is already aware of the Patient's identity, because of correspondence between the parties. Plaintiff will provide the Patient's identity to Defendant directly, and for the limited purposes of this Complaint hereby identifies the Patient by initials of first and last name: MP.

## THE PARTIES

1. Plaintiff Dedicato Treatment Center, Inc. ("Dedicato") is a California corporation, with its principal place of business in the City of Sierra Madre, County of Los Angeles, California.

2. Dedicato is a fully-licensed, fully-operating drug and alcohol treatment center offering services for patients suffering from substance abuse. Its founder, Chief Executive Officer, and Clinical Director, is Dr. Keith L. Marshall, Psy.D, M.A., C.A.T.C V. ("Dr. Marshall"), one of the very few African American doctors in the state who is certified in addictions and who owns a treatment center.

3. Moreover, Dedicato is among the scant six percent of treatment centers nationwide to have obtained accreditation for Behavioral Health Care with the Joint Commission. This coveted accreditation confirms Dedicato's commitment to "best practices" in treatment services and validates the credibility of its services and practices. Dedicato followed these best practices in administering treatment to the Patient.

– 1 –

**COMPLAINT**

4. Defendant United Healthcare Services, Inc., ("UHC") is a Minnesota corporation with its principal place of business in Minnetonka, Minnesota.

## JURISDICTIONAL ALLEGATIONS

5. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a).

6. Venue is proper within this district under 28 U.S.C. §1391(b)(2).

## GENERAL ALLEGATIONS

7. On March 7, 2019, the Patient and his family came to Dedicato seeking treatment for a substance abuse problem. The Patient explained that he was from Concord, California, and was visiting with his family in the local area when he had relapsed on drugs and was in need of treatment. The Patient presented a health care insurance card showing that he was enrolled in UHC's health benefit plan.

8. That same day, Dr. Marshall contacted UHC seeking a verification of the Patient's benefits and that the Patient was in fact enrolled in a UHC insurance plan. A representative from UHC named "Kelly" (reference #00034047) confirmed that the Patient was eligible for residential treatment services with "in-network only" providers.

9. Dr. Marshall informed Kelly that Dedicato was not "in-network" with UHC, that the Patient was visiting family in Covina, California (approximately 300 miles from his hometown of Concord, California), and had relapsed into drug use and was in need of treatment. Dr. Marshall asked Kelly if UHC would grant Dedicato a one time, out-of-network case agreement and authorization to provide residential substance abuse treatment services to the Patient.

10. Kelly confirmed to Dr. Marshall that, because the Patient was more than 75 miles away from his home, a single case agreement would be granted and

that UHC would open a case agreement file on the Patient and provide formal confirmation shortly.

11. On the basis of Kelly's representation, Dedicato proceeded to admit the Patient and reported the admission to Dedicato's billing agent, Vertex Healthcare Services ("Vertex"), for further authorization and validation of the treatment, including billing for services rendered.

12. On March 8, 2019, a Dedicato staff administrator spoke with a UHC representative ("Kate") (reference # 3705964) and asked her to confirm Dedicato's single out-of-network agreement to provide treatment to the Patient. Kate confirmed that she had reviewed Kelly's notes from the previous day regarding Dr. Marshall's request and authorization, and advised that UHC was in the process of confirming Dedicato's full authorization for treatment of the Patient.

13. On March 13, 2019, Vertex obtained confirmation from UHC that Dedicato had full authorization to treat the Patient under a one time, out-of-network treatment agreement. UHC authorized Dedicato to provide seven days of residential treatment care (RTC) for the Patient, from 3/07/19 to 3/13/19.

14. Thereafter, Vertex contacted UHC's benefits representative on four separate occasions seeking authorization to provide additional RTC treatment for the Patient – from 3/14/19 to 3/20/19, from 3/21/19 to 3/27/19, from 3/28/19 to 4/03/19, and from 4/04/19 to 4/07/19.

15. On April 7, 2019, the Patient completed treatment successfully and was discharged from Dedicato, with a certificate of completion.

16. When Dedicato sought UHC's authorization to treat the Patient, initially and on each occasion thereafter, Dedicato assumed several facts, including that –

(a) Dedicato would not provide any treatment services to the Patient without first obtaining UHC's treatment authorization;

(b) UHC would pay Dedicato its normal fee for all specified courses of treatment UHC had authorized and that Dedicato provided;

(d) UHC would advise Dedicato immediately if it believed it had no obligation to pay Dedicato for any services rendered to the Patient;

(e) The Patient would be unable to pay for the treatment Dedicato would be providing, without health insurance coverage to pay for it.

17. When Dedicato asked UHC for its treatment authorization, UHC knew several facts, including that –

(a) Dedicato would not be providing treatment services to the Patient for free;

(b) Dedicato would be relying on UHC's treatment authorizations as a precondition to providing treatment services to the Patient;

(c) Dedicato would be incurring costs for providing treatment services to the Patient in reliance on UHC's treatment authorizations;

(d) Dedicato would be charging UHC its normal fee for any treatment services it would be providing to the Patient that UHC had authorized;

(e) Dedicato would be sending invoices to UHC for any treatment services it would be providing to the Patient that UHC had authorized and that such invoices would be based on Dedicato's normal fees for services rendered;

(f) Dedicato expected that UHC would pay those invoices;

(g) The Patient would not likely be able to pay for the reasonable value of services Dedicato would be providing.

18. Dedicato submitted invoices to UHC for its treatment of the Patient for a total of $119,250.

19. UHC, however, refuses to pay Dedicato for its treatment of the Patient, claiming the Patient has no rights to coverage under his health insurance policy with UHC.

20. Dedicato has demanded that UHC pay the balance owed. UHC refuses to do so.

21. UHC's duty to pay Dedicato for services rendered to the Patient is not based on the agreement UHC made to the Patient under the health insurance policy. It is based on the health care services Dedicato rendered to the Patient at UHC's special insistence and request.

### FIRST CAUSE OF ACTION
### FOR BREACH OF CONTRACT
### (PLAINTIFF v. DEFENDANT)

22. Dedicato hereby incorporates paragraphs 1 through 21.

23. A defendant is liable for breach of contract when (1) The plaintiff and defendant entered into a contract; (2) The plaintiff did all, or substantially all, of the significant things that the contract required him to do; (3) All conditions required by the contract for Defendant's performance had occurred; (4) Defendant failed to do something that the contract required it to do; and (5) Plaintiff was harmed by that failure.

24. UHC promised it would pay Dedicato for its treatment of the Patient, in that UHC approved multiple courses of treatment for the Patient.

25. Dedicato has performed all conditions required of it by providing treatment services to the Patient with UHC's authorization to treat.

26. All conditions required for UHC's performance have occurred.

27. UHC refuses to pay Dedicato for its services in treating the Patient.

– 5 –

**COMPLAINT**

28. Dedicato has been harmed by UHC's failure to pay Dedicato for its treatment of the Patient.

29. UHC is in breach of its promise to pay Dedicato for its treatment of the Patient.

## SECOND CAUSE OF ACTION
## FOR BREACH OF IMPLIED CONTRACT
## (PLAINTIFF v. DEFENDANT)

30. Dedicato hereby incorporates paragraphs 1 through 29.

31. An implied contract is one, the existence and terms of which are manifested by conduct.

32. An implied contract existed between Dedicato and UHC in that the parties knew and understood that, each time UHC authorized Dedicato to treat the Patient, UHC agreed it would pay Dedicato for its services when invoiced.

33. Dedicato has performed all conditions required of it by providing treatment services to the Patient with UHC's treatment authorizations.

34. All conditions required for UHC's performance have occurred.

35. UHC refuses to pay Dedicato for amounts it promised to pay for its treatment of the Patient.

36. Dedicato has been harmed by UHC's failure to pay Dedicato for its treatment of the Patient.

37. UHC is in breach of its promise to pay Dedicato for its treatment of the Patient.

## THIRD CAUSE OF ACTION
## FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
## (PLAINTIFF v. DEFENDANT)

38. Dedicato hereby incorporates paragraphs 1 through 37.

39. An implied covenant of good faith and fair dealing is implicit in every California contract. A party breaches that covenant when the party unreasonably

or without proper cause fails to make payments timely, knowing that the other party is performing services and incurring costs in anticipation of receiving payments timely.

40. An implied covenant of good faith and fair dealing is implicit in the contract between UHC and Dedicato to pay for services timely once UHC authorized Dedicato to provide treatment services for the Patient.

41. UHC breached its implied covenant of good faith and fair dealing by authorizing Dedicato to treat the Patient, knowing Dedicato would be performing services and incurring costs in anticipation of receiving payments timely, and then refusing to pay Dedicato for those services.

42. Dedicato has been harmed by UHC's failure to pay Dedicato for its treatment of the Patient.

43. UHC is in breach of its promise to pay Dedicato for its treatment of the Patient.

**FOURTH CAUSE OF ACTION
FOR PROMISSORY ESTOPPEL
(PLAINTIFF v. DEFENDANT)**

44. Dedicato hereby incorporates paragraphs 1 through 43.

45. The required elements for a claim for promissory estoppel are (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the party's reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance.

46. In authorizing treatment for the Patient, UHC clearly and unambiguously promised Dedicato it had authorized Dedicato to provide treatment services to the Patient.

47. Dedicato relied on UHC's treatment authorizations, UHC intended that Dedicato would act on those authorizations, and it knew that Dedicato would

– 7 –
**COMPLAINT**

in fact provide that treatment.  In short, UHC could foresee that Dedicato would rely in those authorizations to treat the Patient.

48. Dedicato was ignorant that UHC never intended to reimburse Dedicato for the services it provided to the Patient.

49. Dedicato reasonably and actually relied UHC's treatment authorizations.

50. Dedicato was injured by its reliance on UHC's treatment authorizations, because it proceeded to treat the Patient, without knowing that UHC never intended to pay Dedicato for that treatment.

51. Accordingly, UHC is estopped from contending that the services it authorized for the Patient are not payable due to lack of authorization, and it is further estopped from refusing to pay the reasonable and customary value for Dedicato's services, which are the above-described fully billed charges.

### FIFTH CAUSE OF ACTION
### FOR QUANTUM MERUIT
### (PLAINTIFF v. DEFENDANT)

52. Dedicato hereby incorporates paragraphs 1 through 51.

53. UHC became indebted to Dedicato for health care services rendered by Dedicato to UHC's insured at UHC's special insistence and request.

54. UHC is obligated to pay Dedicato for the reasonable and customary value of Dedicato's services, which are the above-described fully billed charges.

55. Despite Dedicato's demand for payment, UHC has failed to pay, and refuses to pay, Dedicato for the services provided.

56. Dedicato has been damaged, and continues to be damaged, to the extent UHC has not paid, in whole or in part, for the services Dedicato provided to the Patient, in an amount to be proven at trial, plus interest.

## **PRAYER FOR RELIEF**

WHEREAS Dedicato prays for judgment against UHC as follows:

ON THE FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT:

1. Compensatory damages;

2. Loss of interest and other amounts to be proven at trial;

3. Costs of suit.

ON THE SECOND CAUSE OF ACTION FOR BREACH OF IMPLIED CONTRACT:

1. Compensatory damages;

2. Loss of interest and other amounts to be proven at trial;

3. Costs of suit.

ON THE THIRD CAUSE OF ACTION FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING:

1. Compensatory damages;

2. Loss of interest and other amounts to be proven at trial;

3. Costs of suit.

ON THE FOURTH CAUSE OF ACTION FOR PROMISSORY ESTOPPEL:

1. An order estopping UHC from (1) contending that the services it authorized for the Patient are not payable due to lack of authorization; (2) refusing to pay Dedicato for the reasonable and customary value for its services;

2. Loss of interest and other amounts to be proven at trial;

3. Costs of suit.

ON THE FIFTH CAUSE OF ACTION FOR QUANTUM MERUIT:

1. Compensatory damages representing the reasonable value of services Dedicato provided to the Patient, to be proven at trial;

2. Loss of interest and other amounts to be proven at trial;

3. Costs of suit.

DATED: September 30, 2019            THE ALVAREZ FIRM

                                                      **/s/ David A. Shaneyfelt**
                                            **David A. Shaneyfelt**
                                            **Attorneys for Dedicato Treatment Center, Inc.**

# **DEMAND FOR JURY TRIAL**

Plaintiff Dedicato hereby demands a jury trial in the above-captioned proceeding.

DATED: September 30, 2019     THE ALVAREZ FIRM

_____/s/ David A. Shaneyfelt_____
**David A. Shaneyfelt**
**Attorneys for Dedicato Treatment Center, Inc.**